NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2022
_____

UNITED STATES OF AMERICA

v.

RASHAUN R. PURYEAR,
                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 09-cr-00034-002
(Honorable Kim R. Gibson)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2012

Before:  SCIRICA, AMBRO and VAN ANTWERPEN, *Circuit Judges*.

(Filed: March 13, 2012 )
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Rashaun Puryear pleaded guilty to one count of conspiracy to distribute and

possession with the intent to distribute five grams or more of cocaine base, and two

counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841 and 846.  Puryear

appeals his sentence, arguing the District Court's sentence was unreasonable and its

failure to grant a downward departure substantially overrepresented the seriousness of his criminal history. We will affirm.[1]

## I.

Puryear was involved in supplying and distributing cocaine base ("crack") in Johnstown, Pennsylvania, in partnership with his cousin, Rhazon Dickey. In June 2009, as part of an ongoing investigation, law enforcement officers and a confidential informant conducted three controlled purchases for a total of 24.8 grams of "crack" cocaine from Dickey. After arrest, Dickey admitted Puryear was supplying the cocaine. On December 8, 2010, Puryear pleaded guilty to one count of conspiracy to distribute and possession with the intent to distribute five grams or more of cocaine base, and two counts of distribution of cocaine base.

The 2010 conviction marked Puryear's fourteenth adult criminal conviction. At the sentencing hearing on April 7, 2011, Puryear was held to be a career offender under U.S.S.G. § 4B1.1, based on two previous convictions for controlled substance offenses. Puryear's criminal history points totaled fourteen, which established his criminal history at Category VI under U.S.S.G. Ch. 5, Part A.[2] The addition of the career offender status also independently established him at Category VI. According to the U.S. Sentencing Guidelines, Puryear's advisory sentencing range amounted to 188 to 235 months' imprisonment.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
[2] Under the U.S. Sentencing Guidelines Manual, a finding of Category VI criminal history requires thirteen or more criminal history points. U.S.S.G. Ch. 5, Part A.

The District Court heard argument on whether Puryear's career offender status over-represented the seriousness of his criminal history. Puryear argued none of his other convictions was for violent offenses or firearms violations, but rather involved simple assault, motor vehicle violations, and public drunkenness. He also presented evidence of his model conduct while imprisoned. The government in turn argued Puryear's previous crimes involved violence, and emphasized he had been convicted thirteen times in thirteen years. The Court denied Puryear's request for a downward departure from the advisory sentencing range and ruled Category VI did not substantially over-represent the seriousness of his criminal history under U.S.S.G. § 4A1.3(b).

Next, in consideration of the sentencing factors in 18 U.S.C. § 3553(a), Puryear called six witnesses to testify on his behalf. Each witness testified favorably about Puryear's character and potential to reform. Puryear objected to the disparity between his sentencing range and the sixty-six month sentence imposed on his co-defendant, Dickey. Based on this evidence, Puryear requested a sentence between seventy-seven and ninety-six months. The Court ultimately sentenced Puryear to 120 months' imprisonment with five years' probation. This timely appeal followed.

## II.

Puryear contends the District Court erred by denying his request for a downward departure based on a substantial misrepresentation of the seriousness of his criminal history. We continue to recognize that "'[w]e do not have jurisdiction to review discretionary decisions by district courts to not depart downward.'" *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009) (quoting *United States v. Vargas*, 477 F.3d 94,

103 (3d Cir. 2007), *abrogated on other grounds by United States v. Arrelucea-Zamudio*, 581 F.3d 142 (3d Cir. 2009)). Jurisdiction to review only arises if the district court's refusal to depart downward "is based on the mistaken belief that it lacks discretion to do otherwise." *Vargas*, 477 F.3d at 103.

Puryear points to many of his convictions being for "run of the mill drug possessions," motor vehicle violations, and disorderly conduct, as evidence that his status as a Category VI offender was a substantial misrepresentation of the seriousness of his criminal history. The District Court considered "the [defendant's] argument and the information available to the Court," but "[did] not find the criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that he will commit other crimes." Accordingly, the District Court denied Puryear's request for a downward departure. There is no indication the District Court mistakenly believed it lacked discretion to grant the request for a downward departure. Accordingly, we will dismiss this claim for lack of appellate jurisdiction.

### III.

Puryear next contends the District Court's sentence of 120 months was both procedurally and substantively unreasonable. He argues it was procedurally unreasonable because the Court miscalculated the advisory sentencing range by failing to depart from the career offender guideline and failing to assess him at Category V rather than Category VI. He also argues his sentence was substantively unreasonable because it was greater than necessary to comply with the § 3553(a) factors and resulted in disparity between his sentence and his co-defendant's sentence.

4

We review sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Our review proceeds in two stages. First, we determine whether the district court committed procedural error; second, we consider the sentence's substantive reasonableness in light of the totality of the factors found in § 3553(a). *Tomko*, 562 F.3d at 567.

## A. Procedural Reasonableness

Puryear contends his sentence was procedurally unreasonable because the District Court failed to calculate an advisory range without the career offender enhancement, and failed to consider his criminal history at Category V rather than Category VI. The District Court must follow a three-step procedure when imposing a sentence: (1) calculate the applicable Guidelines range; (2) rule on any motions for departure; and (3) consider all § 3553(a) factors to determine the appropriate sentence. *Tomko*, 562 F.3d at 577 n.16.

Puryear argues the District Court committed procedural error in miscalculating his sentencing range by applying career offender points and assessing him at Category VI. But Puryear does not dispute that the District Court accurately calculated his advisory sentencing range under the Guidelines. Rather, Puryear is merely repeating his argument that the Court should have granted his request for a downward departure. By arguing for a sentencing range under Category V and without the career offender points, he is once again suggesting the Court abused its discretion in denying his request for a downward

departure.[3]  This argument is unavailing because, as discussed above, the Court's failure to grant a downward departure is not reviewable and therefore does not constitute procedural error.

### B. Substantive Reasonableness

Puryear also contends his sentence was substantively unreasonable for two reasons: first, it resulted in a significant disparity from his co-defendant's sentence; and second, it was greater than necessary under the § 3553(a) factors.  Because each argument lacks merit, we find the sentence to be substantively reasonable.

Puryear points to the sixty-six month sentence received by his co-defendant, Dickey, as indicative that his own 120 month sentence was unreasonable.  18 U.S.C. § 3553(a)(6) directs courts to look to "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  But the intent of § 3553(a)(6) is to promote national uniformity among similarly situated defendants, not uniformity among co-defendants.  *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006).  We have held a defendant "cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences."  *Id.*  Thus, a disparity in co-defendants' sentences does not constitute error.  *United States v. Hart*, 273 F.3d 363, 379 (3d Cir. 2001).

The District Court explicitly noted "[a]ny disparity with others sentenced for similar crimes is justified in light of the factors and specific circumstances surrounding

---

[3] Puryear's argument would have merit if the District Court failed to rule on his request for a downward departure.  *Tomko*, 562 F.3d at 567.  But it is clear the District Court considered and expressly denied Puryear's motion for a downward departure.

you and your crimes." Under *Parker* and *Hart*, Puryear cannot rely on a disparity between his 120-month sentence and Dickey's sixty-six month sentence to prove his sentence was substantively unreasonable.[4]

Puryear also argues his sentence was unreasonable under the § 3553(a) factors. We give deference to a district court's determination that the § 3553(a) factors justify the sentence. *Gall*, 552 U.S. at 51; *Tomko*, 562 F.3d at 567-68. We affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

The District Court carefully considered each of the § 3553(a) factors in its sentencing decision, taking into account Puryear's age, the severity of his offense, his criminal history, his personal history, the witness testimony on his behalf, and his risk of recidivism. After consideration of these factors, the Court sentenced Puryear to 120 months' imprisonment, which is sixty-eight months fewer than the lowest range of his advisory guidelines. We conclude the record "reflects rational and meaningful consideration" of the § 3553(a) factors. *Id.* Accordingly, we find the sentence was substantively reasonable.

---

[4] Even if § 3553(a)(6) were applicable, we have recognized it only applies to "similarly situated" co-defendants. *Parker*, 462 F.3d at 278. In contrast to Puryear's Category VI, Dickey's criminal history—considerably less extensive than Puryear's—was established at Category IV. That Dickey received sixty-six months while Puryear received 120 months is immaterial even under § 3553(a)(6) because the two co-defendants were not similarly situated.

## IV.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.